# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CVETELINA PETROV,**

                   **Plaintiff,**

-vs-                                        Case No. 6:09-cv-1918-Orl-22GJK

**COGNOSCENTI HEALTH INSTITUTE, LLC.,**

                   **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT (Doc. No. 22)** |
| **FILED:** | **January 13, 2010** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

On November 9, 2009, Plaintiff Cvetelina Petrov (the "Plaintiff") filed an amended complaint (the "Complaint") alleging a failure to pay Plaintiff overtime at a rate of time and one-half under the Fair Labor Standards Act (the "Act" or the "FLSA") (Count I); breach of contract for failure to increase Plaintiff's base hourly rate (Count II); breach of contract for certain unpaid wages (Count III); and a violation of Florida's Whistleblower Act, Sections 448.101-105, Florida Statutes (Count IV) against Defendant Cognoscenti Health Institute, LLC (the "Defendant"). Doc. No. 3. Plaintiff and Defendant jointly move the Court for approval of their settlement

agreement (the "Agreement") pursuant to the FLSA and for dismissal of the case with prejudice. Doc. No. 22.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

2

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

*Id*. In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[2] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[3] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets *Lynn's Foods*, with the benefit of the application of *Silva*, where there is a compromise of the amount due to the plaintiff, the Court should decide the appropriate fee using the lodestar because that aids the Court in evaluating the reasonableness of the recovery split between the client and attorney. If the attorney is collecting a portion of the settlement as fees that would have otherwise been available for payment to the plaintiff, any amount above the lodestar is unreasonable unless supported by some special circumstance.

To establish the reasonableness of the fees and costs to be paid, counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work

---

[2] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[3] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 3, 20, 20-2, 22. The case also involved three state law claims. Doc. No. 3. The parties were represented by independent counsel who are obligated to vigorously represent their clients. Doc. No. 3, 20, 22. The parties agreed to settle all of Plaintiff's claims in exchange for a release of all claims for a total sum of $38,000.00, of which $22,800.00 is payable directly to Plaintiff, and $15,200.00 is payable directly to Plaintiff's counsel for attorneys' fees and costs. Doc. No. 22 at 9 ¶ 7. The Agreement does not itemize Plaintiff's recovery between the FLSA claim and the three state law claims. Doc. No. 22 at 7-10. In the Motion, Plaintiff asserts that she is owed overtime for 289 hours of overtime worked at a base hourly rate of $13.20 per hour. Doc. No. 22 at 2 ¶ 4A. At an overtime rate of time and a half ($19.80 per hour), Plaintiff calculates her unpaid overtime wages as $5,722.20 ($19.8 x 289 hours = $5,722.20). Doc. No. 22 at 2 ¶ 4A. Plaintiff calculates her liquidated damages as $5,722.20. *Id.* Thus, Plaintiff alleges total unpaid overtime damages under the FLSA as $11,444.40 ($5,722.20 + $5,722.00 = $11,444.40). *Id.* In Plaintiff's Answers to the Court's Interrogatories, she states that her total FLSA damages are $11,444.40. Doc. No. 23. This amount does not include damages related to the other claims. *Id.* In the Motion, Plaintiff states that under the Agreement she will receive "full value for her FLSA claim without any discount." Doc. No. 22 at 2 ¶ 4A. Plaintiff also is receiving the full amount of her claim alleging failure to

5

pay a raise she was promised. *Id*. at ¶ 4B. The total amount of Plaintiff's Florida Whistleblower Act claim is unliquidated. *Id*. at ¶ 4D.

Counsel for Plaintiff attached an affidavit and detailed time sheet to the Motion. Doc. No. 22 at 13-17. In the affidavit, counsel states that he has been a member of the Florida Bar since 1990, practices primarily in the area of employment law, and normally charges an hourly rate of $250.00 per hour. Doc. No. 22 at 13 ¶¶ 2-4. The time sheet shows that counsel expended 42.15 hours of work on the case. Doc. No. 22 at 17. Using the lodestar method, the total amount of attorneys' fees equal $10,537.50 (42.15 hours x $250.00 per hour). Doc. No. 22 at 17. Under the Agreement, counsel will be receiving $15,200.00. Doc. No. 22 at 9 ¶ 7. As set forth above, Plaintiff's total recovery under the Agreement for the FLSA overtime claim will not be reduced or compromised by the allocation of attorneys' fees. Thus, the concerns espoused by *Silva* are not applicable to this case. Accordingly, the undersigned recommends that the Court find the Agreement is fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. **GRANT** the Motion (Doc. No. 22) only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case;

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** at Orlando, Florida on February 11, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties